UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Robert Reimer and Susan Reimer
individually and as husband and wife,

Plaintiffs,

vs. MINUTE ORDER

City of Crookston and Crookston
Public School District #593,
and Johnson Controls, Inc.,

Defendants. Civ. No. 00-370 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 23rd day of October, 2000.

* * *

On October 19, 2000, the Court heard argument on the Plaintiffs' Motions to Amend the Complaint and the Scheduling Order, and to Compel Discovery. At the time of the Hearing, the Plaintiffs appeared by Paula M. Kubisiak, Esq.; the Defendant City of Crookston ("Crookston") appeared by John E. Hennen, Esq.; the Defendant Crookston Public School District #593 ("ISD #593") appeared by Michael T. Rengel, Esq.; and the Defendant Johnson Controls, Inc. ("Johnson"), appeared by Michael S. Ryan, Esq.

This action arises out of personal injuries suffered by the Plaintiff Robert Reimer ("Reimer"), while he was working as a repair/maintenance operator on a boiler, which is located at the

(32)

OCT 23 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Crookston Public Swimming pool. According to Reimer, he was performing standard maintenance on the boiler when his knee struck a pipe, causing it to break unexpectedly which, in turn, released steam and boiling vapors. As a result, Reimer suffered burns on over eighty percent of his body. Thereafter, the Plaintiffs commenced this action against the Crookston, and ISD #593, and Johnson was later joined as a Defendant.

The Plaintiffs seek to Amend the Complaint in order to add an additional Defendant -- the Joint Recreation and Education Board ("Joint Board"). The Joint Board was created by a Joint Powers Agreement between the Crookston and ISD #593, and it is the body that is charged with maintaining the facility at issue in this case. The Joint Board is composed of members of the Crookston City Council, and the Crookston School Board. However, it is not clear whether the Joint Board is an independent entity which can sue, and be sued, in its own capacity. As such, at the Hearing, the Plaintiffs, Crookston, and ISD #593, agreed to "meet and confer" in order to work out a stipulation which would excuse the Plaintiffs from joining the Joint Board as a further Defendant, without risking a Motion to Dismiss, for failing to join an indispensable party, or a claim, by Crookston, and/or ISD #593, that only the Joint Board should be subject to a Judgment, if one is entered, in favor of the Plaintiffs, and against Crookston and ISD #593. As

we observed, at the time of the Hearing, without such a Stipulation, the Plaintiffs could be forced to name the Joint Board as a Defendant, and the Joint Board could be compelled to retain legal counsel and incur legal expenses, for no good reason. The parties have agreed to submit a Stipulation for the Court's review.

The Plaintiffs have also moved to compel the production of the pipe, which is at issue in this action, in order that their expert can conduct destructive testing on a portion of the pipe. However, as the parties have advised the Court, there are potentially more Defendants who could be subsequently to this case and, as such, destructive testing would be improvident at this time. If the Court were to allow each party to conduct such destructive testing as their respective experts should recommend, then there could be little left to the pipe for currently unnamed Defendants to test, or for the Jury to view. Therefore, at our direction, the parties have agreed to "meet and confer" concerning the joinder of any additional Defendants, or Third-Party Defendants, and to develop a standardized, testing protocol, which could be jointly employed to test the structural and metallurgical integrity of the pipe, without the necessity of conducting repetitive, destructive testing. If a protocol cannot be agreed upon, counsel are directed to contact the Court in order that the issue may be promptly resolved.

Finally, the Court agrees with the parties that the current Scheduling Order will need to be amended for good cause shown. To that end, the parties are directed to submit a joint scheduling proposal to the Court **by no later than October 27, 2000.**

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiffs' informal Motion to Amend the Complaint is DENIED, as moot.

2. That the Plaintiffs' informal Motion to Compel Discovery is DENIED, but without prejudice.

3. That the Plaintiffs' informal Motion to Amend the Scheduling Order is GRANTED, and the parties are to submit a joint proposal for that purpose **by no later than October 27, 2000.**

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE