**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Robert Reimer and Susan Reimer,
individually and as husband and wife,

Plaintiffs,

vs.

**JURY INSTRUCTIONS**
CIVIL NO. 00-370 ADM/RLE

City of Crookston and
Crookston Public School District #593,

Defendants.

---

Paula M. Jossart, Esq., Yaeger, Jungbauer, Barczak & Vucinovich, PLC, Minneapolis, MN, on behalf of Plaintiffs.

Michael T. Rengel, Esq., and Nicholas Heydt, Esq., Pemberton, Sorlie, Rufer & Kershner, P.L.L.P., Fergus Falls, MN, on behalf of Defendant Crookston Public School District #593.

---

Date: April 27, 2004

JURY INSTRUCTION NO. _____

The term "damages" means a sum of money that will fairly and adequately compensate a person who has been injured. Damages may include past and future injury. It must be proved that future injury is reasonably certain to occur.

JURY INSTRUCTION NO. _____

A party seeking damages must prove the nature, extent, duration and consequence of his harm. Determination of damages must not be based upon speculation or guess.

JURY INSTRUCTION NO. _____

In answering questions 1-4 of the Special Verdict form, you are to decide the amount of money that will fairly and adequately compensate Robert and Susan Reimer for his past and future injury.

You may award damages for the following items if the evidence shows they resulted from the accident: Past damages for bodily and mental harm; Past damages for loss of earnings; Future damages for bodily and mental harm; Future damages for medical supplies, hospital and medical expense; Future damages for loss of earnings; and spouse's damages for injury to spouse.

Question 1, part 2 has been filled in with the amount the parties have stipulated to for Robert Reimer's past damages for medical supplies, hospital and medical expense, and you do not need to decide this portion of the Question.

JURY INSTRUCTION NO. _____

Items to include for past damages for bodily and mental harm:

1. Pain
2. Disability
3. Disfigurement
4. Embarrassment
5. Emotional distress

Robert Reimer has experienced up to the time of your verdict.

It is difficult to put an exact value on these items that are not necessarily decided on a daily or hourly basis.

You should consider:

1. The type, extent, and severity of the injuries
2. How painful the injuries were
3. The treatment and pain involved in that treatment
4. The length of time the injury or harm lasted
5. Any other factors you think are relevant.

JURY INSTRUCTION NO. _____

Past damages for loss of earnings may include:

1. Earnings

2. Salary

3. Value of working time

lost as a result of the injury, from the time of injury to date.

JURY INSTRUCTION NO. _____

Future damages for bodily and mental harm may include:

1. Pain
2. Disability
3. Disfigurement
4. Embarrassment
5. Emotional distress

Robert Reimer is reasonably certain to experience in the future.

It is difficult to put an exact value on these items that are not necessarily decided on a daily or hourly basis.

**Factors to consider**

You should consider:

1. The type, extent, and severity of the injuries
2. How painful the injuries are
3. The treatment and pain involved in that treatment
4. The length of time the injury or harm is likely to last
5. Any other factors you think are relevant.

JURY INSTRUCTION NO. _____

Future damages for health care expenses may include:

1. Medical supplies
2. Hospitalization
3. Health care services of every kind

reasonably certain to be necessary for treatment in the future.

Include the reasonable value of the services of attendants if needed for Robert Reimer's care.

JURY INSTRUCTION NO. _____

If you find that future disability is reasonably certain to occur, you may consider the effect of that disability on Robert Reimer's future earning capacity. Consider what the person is able to earn in the future. Consider whether Robert Reimer's future earning capacity has been destroyed or reduced. You may decide damages for this loss or reduction of future earning capacity.

In determining the amount of future damages for loss of earning capacity, you should consider:

1. Age
2. Health
3. Skill
4. Training
5. Experience
6. Work habits
7. Length of loss of earning capacity (temporary or permanent)
8. Years of earning expectancy compared to Robert Reimer's life expectancy.

JURY INSTRUCTION NO. _____

There is evidence that Robert Reimer had a pre-existing disability or medical condition at the time of the accident.

Crookston Public School District #593 is liable only for any damages that you find to be directly caused by the accident.

If you cannot separate damages caused by the pre-existing disability or medical condition from those caused by the accident, then Crookston Public School District #593 is liable for all the damages.

JURY INSTRUCTION NO. _____

When a husband is injured, he has a claim for damages, and his wife may also have a claim.

The wife's claim for damages may include:

1. The loss of Robert Reimer's services and companionship she would have received in the usual course of married life up to the date of trial

2. The value of Robert Reimer's services and companionship she is reasonably certain to lose in the future.

JURY INSTRUCTION NO. _____

According to life expectancy tables, the future life expectancy of a 53-year-old male is 25.7 years. This means he is expected to live to age 78.

Use this figure to help you determine the probable life expectancy of Robert Reimer. It is not conclusive proof of his life expectancy, and you are not bound by it. It is only an estimate based on average experience.

You may find that Robert Reimer might live a longer or shorter period than that given in these tables.

Consider this figure along with evidence of the health, physical condition, habits, occupation, and surroundings of Robert Reimer and other circumstances that might affect his life expectancy.