IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Robert Reimer and Susan Reimer, individually and as husband and wife, | ) | **Civ. No. 00-370 (ADM/RLE** |
| Plaintiffs, | ) | |
| vs. | ) | **PLAINTIFF'S BRIEF RE: ENTRY OF JUDGMENT** |
| City of Crookston and Crookston Public School District #593, | ) | |
| Defendants. | ) | |

The Court has asked the parties to address the question of the amount of the judgment to be entered in the above-captioned matter. Plaintiffs feel that the answer is a simple one - judgment should be entered for $12,211,869.12 (plus interest to date); the amount the jury unanimously agreed upon after a week long trial nearly two months ago.[1] However, counsel for Defendant School District has indicated that he will ask for judgment in the amount of $300,000, presumably based on the argument that the jury found no negligence on the part of Defendant City, and that $300,000 is the most the School District will ultimately have to pay under the municipal damage caps set forth in Minn. Stat. 466.04. As the discussion that follows will demonstrate, federal courts have "no general authority to reduce the amount of a jury's verdict,"[2] and there is no legal or factual basis for the entry of judgment in a lesser amount in this case.

As the Court is aware, "trial by jury is a vital and cherished right in our judicial system."

---

[1] The jury awarded $10 million for Plaintiff Robert Reimer's past pain, disability and emotional distress, $768,869.12 for his past health care expenses, $125,000 for his past loss of earnings, and $1,250,000 for his future health care expenses. It also awarded $68,000 to Plaintiff Susan Reimer for loss of consortium.

[2] *Johansen v. Combustion Engineering, Inc.*, 170 F.3d 1320, 1328 (11th Cir. 1999), *citing Kennon v. Gilmer*, 131 U.S. 22, 29 (1889).

*Christenson v. Diversified Builders Inc.*, 331 F.2d 992, 994 (10th Cir. 1964). *See, also, McCann v. Falgout Boat Co.*, 44 F.R.D. 34, 44 (S.D. Tex. 1968) ("the right of a party to a trial by jury, where permitted, is sacrosanct.") (emphasis added). It is equally well established that in personal injury actions the amount of damages to be awarded "is purely within the sound judgment of the jury." *Preston v. Safeway Stores, Inc.*, 163 F.Supp. 749, 753 (D. D.C. 1958). If the Court were to ignore the jury's verdict in this case and unilaterally enter judgment in a lesser amount, it would render the jury process a virtual nullity, thereby depriving Plaintiffs of rights guaranteed to them by the Seventh Amendment, which provides that "the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." *U.S. Const., Amdt. 7*. This is obviously unacceptable. Indeed, as the United States Supreme Court explained in *Hetzel v. Prince William County, Virginia*:

> . . . [I]n accord with the Seventh Amendment's prohibition on the reexamination of facts determined by a jury, a court has no authority, upon a motion for a new trial, "according to its own estimate of the amount of damages which the plaintiff ought to have recovered, to enter an absolute judgment for any other sum than that assessed by the jury."

523 U.S. 208, 211-12 (1998). *citing Kennon v. Gilmer*, 131 U.S. 22, 29 (1889). *See, also, Johansen v. Combustion Engineering, Inc.*,170 F.3d 1320, 1328 (11th Cir. 1999), in which the court explained that although a court "may order a new trial unless the plaintiff agrees to remit a portion of the jury's award" the Seventh Amendment mandates that the plaintiff be given the option of a new trial in lieu of such a remittitur. *Id*. at 1329. In *Johansen* the court concluded that:

> [N]o judgment for a remittitur may be entered without the plaintiff's consent because the Seventh Amendment prohibits the court from substituting its judgment for the jury's regarding any issue of fact. (Citations omitted). If the plaintiff does not consent to the remittitur, the court has no alternative but to order a new trial.

*Id*.

Simply put, while the court may have the authority to ask the Plaintiffs to agree to remit a portion of the jury's award (presuming the verdict is excessive, which has not been established), it may not simply substitute its own judgment for that of the jury and unilaterally enter judgment in a lesser amount. *See Tingley Systems, Inc. v. Norse Systems, Inc.*, 49 F.3d 93, 96 (2d Cir. 1995) ("if a district court finds that a verdict is excessive, it may order a new trial, a new trial limited to damages, or, under the practice of remittitur, may condition a denial of a motion for new trial on the plaintiff's accepting damages in a reduced amount."); *Preston v. Safeway Stores, Inc.*, 163 F.Supp. 749, 753 (D. D.C. 1958) ("in an action involving personal injuries . . ., the amount to be awarded is purely within the sound judgment of the jury, subject necessarily to the power of the trial judge to order a new trial in case the verdict is excessive, or to deny a motion for a new trial on condition that the plaintiff agree to a remittitur in a specified sum.").

With further respect to any potential request for remittitur, Plaintiffs will not agree to entry of judgment in the amount of $300,000 (a reduction of nearly $12,000,000), nor would a request that they do so be remotely appropriate under the law. In this regard, the courts have held that "when a remittitur is allowed, the verdict can be reduced only to the maximum amount the jury could have awarded." *Burney v. Intermare K.G., K.S. Kuhlschiff K.m.b.H and Co.*, 717 F.Supp. 793, 797 (M.D. Fla. 1988), *citing Lowe v. General Motors Corp.*, 624 F.2d 1373, 1383 (5th Cir. 1980). *See, also, Goldstein v. Manhattan Industries, Inc.*, 758 F.2d 1435, 1448 (11th Cir. 1985) ("in general, a remittitur order reducing a jury's award to the outer limit of the proof is the appropriate remedy where the jury's damage award exceeds the amount established by the evidence.").

In this case, $300,000, is nowhere near the "outer limit of proof" or the "maximum amount the jury could have awarded" in light of the severity of Mr. Reimer's burn injuries. Indeed,

Defendant School District has admitted that Mr. Reimer's medical bills alone were in excess of $760,000,[3] and counsel for both Defendants offered to stipulate that the value of this case was over $2 million before trial. Accordingly, there is no legal or factual basis to remit the verdict to $300,000 (or, for that matter, to order a new trial if Plaintiffs decline to agree to such a remittitur).

Other factors also argue against entering judgment in the amount of $300,000. For example, as the Court is obviously aware, Plaintiffs feel that the Court's refusal to submit Defendants' liability as one question on the verdict form constitutes reversible error.[4] Accordingly, entry of judgment in the amount of $300,000 would force Plaintiffs to move for a new trial not only with respect to the issue of joint enterprise, but also as the issue of damages.[5]

Additionally, as noted above, Defendant School District's anticipated request for a $300,000 judgment is presumably based on the Court's previous determination that each Defendant's potential financial exposure is limited to $300,000 under Minn. Stat. § 466.04. As an initial matter, Plaintiffs have obviously not yet attempted to recover any amount of the verdict, and the cap issue is therefore not directly before the Court. Moreover, Plaintiffs question not only the constitutionality of the damage caps, but also their applicability with respect to Defendants (who arguably waived the cap by purchasing insurance in excess thereof). In light of these facts, Plaintiffs' recoverable damages are not limited to $300,000, and entry of judgment in that amount would be entirely improper.

---

[3] In response to requests for admission filed with the Court.

[4] Plaintiffs feel that error was committed in a number of other respects, and their mention of a few specific issues should not be read as a waiver of any of the others they may wish to raise at a later time.

[5] If there is a joint enterprise, Plaintiffs can recover from both defendants, and their minimum recovery will be $600,000. *See Peterson v. Fortier*, 406 N.W.2d 563, 565 (Minn. App. 1987) ("when one participant in a joint enterprise negligently causes an injury while acting within the scope of such enterprise, every participant is liable to the injured party.") (emphasis added).

Finally, equitable considerations support entry of judgment in the amount of the jury's verdict. Defendants were given ample opportunity to settle this case within the cap limits before trial and they refused, opting to take their chances with a jury. They lost. The fact that a defendant may not like the decision is not a basis that the law recognizes for reducing an otherwise properly supported jury verdict.

Rule 58 of the Federal Rules of Civil Procedure governs the entry of judgments and was enacted for the purpose of "avoiding prejudice to the parties by a delay in the entry of a judgment on the docket." *Greenwood v. Greenwood*, 234 F.2d 276, 278 (3d Cir. 1956). It has been nearly two months since the jury rendered its verdict in this case, and over six years since Mr. Reimer was injured by reason of Defendants' negligence. To avoid further prejudice by reason of any additional delay, Plaintiffs respectfully request that judgment be entered forthwith so that the parties may proceed with any necessary post trial motions and/or appeals. Plaintiffs further request that the judgment be in the amount of $2,211,869.12 (plus interest to date), in accordance with the jury's verdict. Defendants have not moved for a new trial or jnov with respect to any alleged excessiveness of the jury's damage award, nor has it been established that the verdict is in fact excessive. Accordingly, there is no legal or factual basis for the Court to even ask Plaintiffs to agree to a remittitur, much less to unilaterally substitute its own judgment for that of the jury and enter judgment in some lesser amount.

**Respectfully submitted,**

Dated: June 11, 2004

**YAEGER, JUNGBAUER, BARCZAK, & VUCINOVICH, PLC**
By:s/Robert T. Dolan

Robert T. Dolan #23346
Paula M. Jossart #0295292
Attorneys for Plaintiffs
745 Kasota Ave.
Minneapolis, MN 55414
(612) 333-6371

CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2004, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to Michael T. Rengel.

I also served the below mentioned attorney via U. S. Mail in Minneapolis, Minnesota, on June 11, 2004:

John E. Hennen
League of Minnesota Cities
145 University Avenue West
St. Paul, MN 55103