UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
SIXTH DIVISION

Case No. 00-CV-370 ADM/RLE

Robert Reimer and Susan Reimer,
individually and as husband and wife, Plaintiffs,

vs.

City of Crookston and
Crookston Public School District #593, Defendants.

**DEFENDANT CROOKSTON PUBLIC SCHOOL DISTRICT 593'S BRIEF REGARDING ENTRY OF JUDGMENT**

It is Defendant Crookston Public School District 593's position that due to the number of issues raised during the course of trial, that a new trial should be ordered by this Court sua sponte. Alternatively, if entry of judgment is ordered, Defendant Crookston Public School District 593 would ask that the Court grant our request to stay judgment upon its entry until the Court has had an opportunity to address the anticipated post-trial motions of all parties.

However, pursuant to the Court's request, the following brief addresses what Defendant Crookston Public School District 593 believes the amount of judgment should be, if entry of judgment is ordered.

**BRIEF**

Judgment should be entered in this case, if at all, in the amount of $300,000 in favor of plaintiffs against Defendant Crookston Public School District 593.

This Court, upon separate motions by all parties, previously considered, decided, and ordered that Defendant Crookston Public School District 593's total liability exposure be limited by

Minnesota Statutes §466.04, Subd. 1(a)(1). See United States District Court Memorandum Opinion and Order dated November 14, 2004, Civil No. 00-370 ADM/RLE. Minnesota Statutes §466.04, Subd. 1(a)(1) specifically provides that the "[l]iability of any municipality on any claim . . . shall not exceed: $300,000 . . ." (emphasis added).

> "The cap on municipal tort liability provided by Minn.Stat. §466.04 is . . . a statutory rule of law that trial courts are obliged to impose whenever damages exceed the statutory limit." Snyder v. City of Minneapolis, 441 N.W.2d 781, 788 (Minn. 1989).

It would not be proper for the Court to enter judgment in an amount that would be contrary to an amount determined by the Court in a previous decision and order and contrary to statutory limits specifically set forth by Minnesota Statutes §466.04, Subd. 1(a)(1). Due to this Court's previous rulings, $300,000 is the maximum amount that the plaintiffs can recover from Defendant Crookston Public School District 593.

Reduction of the jury verdict in the entry of judgment to comply with a statutory cap is further supported and has been practiced by Eighth Circuit Courts. In Madison v. IBP, Inc., 257 F.3d 780, 792 (8th Cir. 2001), even though the jury awarded $1,074,000 to the plaintiff for sex discrimination and harassment, the Eight Circuit Court applied the statutory limitation provision and reduced those damages from the $1,074,000 to $300,000 and then entered judgment based on those reductions. This case was overturned on other issues, but the Court's rationale of reducing the entry of judgment to the statutory cap was not contested. Id. Similarly, in Pickens v. Soo Line Railroad Co., 264 F.3d 773, 776 (8th Cir. 2001), the jury awarded $525,000 in past mental pain and suffering, and the District Court reduced the past pain and suffering damages to $300,000 in order to comply with the statutory damage cap contained within the Americans with Disabilities Act. Even though a post-verdict motion for a new trial by the defendants was granted, reducing the entry of judgment to the statutory liability was a

practice properly applied by the Court. In Walsh v. National Computer Systems, Inc., 332 F.3d 1150, 1156 (8th Cir. 2003), even when the District Court entered a judgment over a statutory cap based on the jury verdict, that entry was vacated by the same Court and reduced to comply with the statutory cap in the final entry of judgment. Clearly, Courts are required to consider statutory caps in considering the amount for entry of judgment. Therefore, in this case, entry of judgment should be limited to the $300,000 statutory cap as recognized by this Court and set forth in Minnesota Statutes §466.04.

Entry of judgment in the amount of $300,000 does not preclude the plaintiffs or other parties to this action to dispute previous rulings by the Court or issues that may have arisen during trial. However, due to the previous rulings and law of this case, and due to the statutory cap limits that apply as set forth under Minnesota Statutes §466.04, under no circumstances can the plaintiffs currently claim entitlement from Defendant Crookston Public School District 593 in excess of $300,000, the amount appropriate for entry of judgment.

Respectfully submitted,

PEMBERTON, SORLIE, RUFER &
KERSHNER, P.L.L.P.

Date: June 11, 2004

**s/ Michael T. Rengel**

Michael T. Rengel, No. 169432
Attorneys for Defendant ISD No. 593
110 North Mill Street, P.O. Box 866
Fergus Falls, Minnesota 56538-0866
Telephone: 218-736-5493

NJH:MTR:sb
2000-3306
6/11/2004