IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

**Civ. No. 00-370 (ADM/RLE)**

Robert Reimer and Susan Reimer, individually and as husband and wife,

Plaintiffs,

v.

City of Crookston, Crookston Public School District #593,

Defendants.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO AMEND JUDGMENT OR IN THE ALTERNATIVE FOR NEW TRIAL

---

**INTRODUCTION**

Pursuant to FRCP 59, Plaintiffs Robert and Susan Reimer move the Court to amend the judgment, or in the alternative, for a new trial.

In reversing the summary judgment entered in favor of the School District and City of Crookston, the 8th Circuit noted that "few facts remain uncontested by the parties." *Reimer v. Crookston, et al,* 326 F. 3d 957, 959 (8th Cir. 2002). In particular, that Court found that the District and Crookston "were joint owner-operators of the pool facilities." *Id. at* 965.

Likewise, this Court stated on several occasions that the City and District "jointly operated" the swimming pool ['The City of Crookston ("City") and the Crookston Public School District No. 593 ("School District") jointly operate the Crookston municipal swimming pool pursuant to a joint powers agreement.' Order of Jan. 16, 2002 at 2; 'Defendants operate the Crookston pool pursuant to a Joint Powers Agreement...'Order of November 13, 2003 at 2].

Thus, that the District and Crookston were joint owner-operators of the swimming pool facilities is the law of the case, and not subject to a jury determination. This fact alone, coupled with the jury's findings, requires entry of judgment in favor of Reimer against the City of Crookston.

The jury verdict form was erroneous in asking the jury whether operation of the boiler was a joint enterprise. Reimer never argued that operation of the boiler was a joint enterprise, but rather operation of the swimming pool was a joint enterprise, and the boiler was incident to the swimming pool. Submission of a special Interrogatory which does not accurately frame the issues as tried to the jury requires a new trial.

## I. THE LAW OF THE CASE DOCTRINE REQUIRES A FINDING OF A JOINT ENTERPRISE

Once a determination has been made by the Court of Appeals, the District Court is required to follow the stricture on remand; the issue is not open to relitigation. *Kansas Public Employees Retirement System v. Blackwell, Sanders, Matheny, Weary & Lombardi, L.C.*, 114 F.3d 679, 687 (8th Cir. 1997). "The law of the case doctrine applies to issues decided implicitly as well as those decided explicitly." *Id.*

In the instant case, the Court of Appeals explicitly determined that City and the District were "joint owner-operators of the swimming pool *facilities.*" *Reimer v. Crookston, et al*, 326 F. 3d 957, 959 (8th Cir. 2002)[Emphasis added]. This finding of fact was not made in the light most favorable to moving party while reviewing a summary judgment dismissal but rather for purposes of applying the holding with respect to the District equally to the City. *Id.* The ***only*** issue of fact left for the jury after the appellate decision was "whether this case falls within the 'unless' clause of Restatement § 343 A." *Id.*

With this finding of fact established, the issue for this Court is whether being 'joint owner-operators' of the swimming pool facilities constitutes a joint enterprise.

The elements of a joint enterprise, as opposed to a joint [ad]venture, are:

1. a mutual undertaking for a common purpose, and
2. a right to some voice in the direction and control of the means used to carry out the common purpose. *Walton v. Fujita Tourist Enter. Co.,* 380 N.W.2d 198, 202 (Minn.App.1986) (citation omitted), *review denied* (Minn. Mar. 21, 1986). *Hansen v. St. Paul Medical Treatment Center,* 609 N.W.2d 625, 628 (Minn. App. 2000).

By definition, the 'joint owner-operators' of a facility are a joint enterprise.

Normally, this issue is for the jury. "Nevertheless, in some circumstances, the issue may be decided as a matter of law on undisputed facts." *Hansen, id.* And in fact, when the underlying facts establishing a joint enterprise have been found, it then becomes a question of law appropriate for court determination. *Weber by Sanft v. Goetzke,* 371 N.W.2d 611, 616 (Minn.App.1985), *pet. for rev. denied* (Minn. Sept. 16, 1985).

In the instant case, these facts are not only undisputed, they are the law of the case. The Court must find that operation of the swimming pool was a joint enterprise.

The Court's distinction between operation of the swimming pool and the boiler finds no support in the record. The only testimony at trial concerning the boiler's status was that it was necessary for operation of the swimming pool, and it had no other purpose. Even Defendants did not claim the boiler was somehow not part of the swimming pool operation..

The Eighth Circuit explicitly held the swimming pool and facilities were jointly owned and operated. The finding of a joint enterprise was implicit in this holding, and should be followed

by this Court.

## II. A JOINT ENTERPRISE IMPOSES JOINT LIABILITY

Under Minnesota law, the members of a joint enterprise are held jointly liable for torts. *Murphy v. Keating, 283 N.W. 389* (Minn. 1939). This rule applies even when the instrumentality of harm is not under the physical control of both parties. *Krengel v. Midwest Automatic Photo, Inc.*, 203 N.W.2d 841, 846 (Minn. 1973). "When one participant in a joint enterprise negligently causes an injury while acting within the scope of such an enterprise, every participant is liable to the injured party." *Auto Owner's Insurance vs. Reinsurance Association of Minnesota,* 514 N.W.2d 604, 606 (Minn. App. 1994).

In the instant case, the jury found that the District was negligent, and this negligence was a direct cause of Reimer's injuries [Verdict Form, Questions 6 & 7 Dkt. # 16]. This finding, coupled with the fact that the operation of the swimming pool was a joint enterprise, requires an entry of judgment against the City. Failure to do so constitutes a manifest error of law, and as such, would be an abuse of discretion. Co*mputrol, Inc. v. Newtrend, L.P.,* 203 F.3d 1064, 1070 (8th Cir. 2000).

Judgment should be entered against the City.

## III. THE ERRONEOUS VERDICT FORM REQUIRES A NEW TRIAL

If the Court does not amend the judgment to reflect the verdict, the erroneous inclusion of the special interrogatory about the boiler requires a new trial.

Question No. 1 on the Verdict Form reads: "Is the overall and routine maintenance, inspection or repair of the boiler at the swimming pool a joint enterprise between the City of Crookston and Crookston Public School District #593?" [Special Verdict, Dkt. #168]. Reimer

objected to submission of this issue to the jury, and then requested that the words swimming pool be substituted for boiler.

Reimer alleged that the Defendants were engaged in a joint enterprise to operate the swimming pool from the beginning [Complaint ¶ IV, Dkt#1; Amended Complaint ¶V, Dkt#17]. No one at trial claimed that the boiler was a separate 'enterprise.' No one claimed the boiler had any purpose other than to heat the swimming pool. There were simply no facts adduced to support a separate finding that the boiler was a joint enterprise. It is not surprising that the jury answered the question in the negative.

The submission to the jury of an issue not appropriate for its consideration in a special interrogatory requires a new trial. *Lamb Engineering & Const. Co. v. Nebraska Public Power Dist.*, 103 F.3d 1422, 1433 (8th Cir 1997). A new trial should be granted if the special interrogatories inaccurately framed the issues to be decided. *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir.1993).

The Court's submission of the issue as framed in Special Interrogatory No. 1 does not accurately frame the issue as presented by Reimer and requires a new trial.

## CONCLUSION

That the Defendants were engaged in a joint enterprise to operate the swimming pool and facilities is the law of the case. The juries findings that the District was negligent and caused Reimer's injuries requires entry of judgment against the City. Plaintiffs respectfully request the Court amend the judgment to reflect the jury's findings.

Submission of the question of whether operation of the boiler constituted a joint enterprise incorrectly framed the issue tried to the jury, and requires a new trial. If the Court does not amend

the judgment, Plaintiffs respectfully request the Court grant a new trial on the issue of City's liability for the negligence of the joint enterprise.

Respectfully submitted,

**YAEGER, JUNGBAUER, BARCZAK & VUCINOVICH, PLC**

Dated: July 2, 2004

/s Robert T. Dolan
Don C. Aldrich, MSBA#191851
Paula M. Jossart, MSBA #0295292
Robert T. Dolan, MSBA#23346
745 Kasota Avenue
Minneapolis, MN 55414
(612) 333-6371

**ATTORNEYS FOR PLAINTIFFS**

CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2004, I electronically filed Plaintiffs' Rule 59 Motion, Memorandum in Support, and Proposed Order, with the Clerk of Court using the CM/ECF system which sent notification of such filing to Michael T. Rengel.

I also served the below mentioned attorney via U. S. Mail in Minneapolis, Minnesota, on July 2, 2004:

John E. Hennen
League of Minnesota Cities
145 University Avenue West
St. Paul, MN 55103

Melissa A. Mollick

Melissa A. Mollick

Subscribed and sworn to before me this
2ND day of JULY, 2004.

Renae Webster

Notary Public

RENAE WEBSTER
Notary Public
Minnesota
My Commission Expires Jan. 31, 2005