UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert Reimer and Susan Reimer, Individually and as husband and wife,

Plaintiffs,

vs.

City of Crookston and Crookston Public School District #593,

Defendants.

Court File No. 00-CV-370-ADM/RLE

**DEFENDANT CITY OF CROOKSTON=S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND JUDGMENT OR IN THE ALTERNATIVE FOR A NEW TRIAL**

## INTRODUCTION

Plaintiffs Robert and Susan Reimer are not entitled to an Amended Judgment or a new trial. Plaintiffs seek to reverse both a jury verdict supported by overwhelming evidence and the District Court and Eighth Circuit Court of Appeal's decisions that the issue of "joint enterprise" is a question of fact for the jury to decide.

The appropriate joint enterprise jury instruction was given. The appropriate joint enterprise Special Verdict question was asked on the Jury Verdict Form and evidence supporting the jury's verdict as presented at trial was uncontroverted. School District Business Manager Bill Brinkman, School District janitor and boiler operator Ray Nelson, Joint Recreation and Education Board employee, pool director Ken Stromberg and City Clerk Betty Arvidson all testified consistently – the School District, per its agreement with the City, was at all times exclusively responsible for maintenance, inspection, repair and upkeep of both the boiler and the pool building.

There is no dispute that the instrumentality causing Plaintiff's injury was the Kewanee

boiler at the Crookston pool. There was no evidence presented to the jury that any city agent or employee had anything to do with the boiler. Testimony from Bill Brinkman was unrefuted - all decision making authority concerning the boiler rested exclusively with Bill Brinkman and the School Board. Accordingly, Plaintiffs are not entitled to any of the post-trial relief they now seek.

## I. WHETHER THE CITY AND SCHOOL DISTRICT WERE INVOLVED IN A JOINT ENTERPRISE FOR MAINTENANCE OF THE POOL BOILER IS A FACT QUESTION FOR THE JURY TO DECIDE.

Plaintiff claims that the Eighth Circuit Court of Appeals has explicitly determined that the City and District were joint owners – operators of swimming pool facilities. Plaintiff's reference to the Eighth Circuit decision misleads this Court. In *Reimer v. Crookston*, 326 F.2d 957, 959 (8th Cir. 2002) the Court stated:

> For Summary Judgment purposes, however, we recite the facts in the light more favorable to Mr. Reimer. *Offerdahl v. University of Minnesota Hospitals and Clinics*, 426 N.W.2d 425, 427 (Minn. 1988). The Crookston municipal swimming pool is jointly operated by the City and School District pursuant to a Joint Powers Agreement. The School District owns the pool building and boiler and is responsible for routine maintenance and boiler checks."

The Eighth Circuit went on to state, "Although the School District owned the pool building and the boiler, a written agreement with the City supports a finding, <u>for summary judgment purposes</u>, that the parties jointly operated the facilities and jointly shared the indices and liabilities of ownership." *Id. at 962* <u>emphasis added</u>. For summary judgment purposes the Eighth Circuit cited the facts most favorable to Plaintiff Reimer. The facts most favorable to Mr. and Mrs. Reimer would be a finding of joint enterprise. However, the Jury, after weighing all the evidence determined that Mr. Reimer's injuries were not caused by either any negligence on

the part of the City of Crookston or by a joint enterprise between the City of Crookston and Crookston Public School District #593. Given the jury's factual finding after hearing and seeing all the evidence, it is not surprising that Plaintiff wants to convert the Eighth Circuit's finding "for summary judgment purposes" into "the law of the case."

Before the Eighth Circuit, Plaintiff argued that there were factual disputes that must be decided by a jury. Now that the jury has decided some of those factual disputes in their favor and some factual disputes in favor of the City (finding of liability on the part of the School District but not on the part of the City), the plaintiffs now argue that the issue of joint enterprise is really a question of law for the Court to decide. It is disingenuous for Plaintiffs to argue that summary judgment is inappropriate because there are fact issues on both primary assumption of risk and joint enterprise that must be decided by a jury -- and then after the jury has decided those issues -- to argue that joint enterprise is really a question of law to be decided by the Court.

The Eighth Circuit remanded this matter for trial because it believed that there were factual disputes to be decided by a jury. The question of the existence, nature and extent of "joint enterprise" was properly decided by the jury. In *Hanson v. St. Paul Metro Treatment Center, Inc.*, 609 N.W.2d 625, 629 (Minn. App. 2000) *review denied* (July 25, 2000), the Minnesota Court of Appeals noted, "The issue of joint venture or joint enterprise was a question of fact to be decided by the jury and thus inappropriate for summary judgment." If the question of fact to be decided by a jury is inappropriate for summary judgment, it is equally inappropriate for this Court to substitute its judgment for that of the jury.

## II. JOINT ENTERPRISE REQUIRES THAT PARTIES TO THAT JOINT ENTERPRISE EXERCISE CONTROL AND DIRECTION OVER THE INSTRUMENTALITY ALLEGED TO HAVE CAUSED THE INJURY.

Plaintiff claims that *Krengel v. Midwest Automatic Photo, Inc.*, 203 N.W.2d 841, 846 (Minn. 1973) holds that joint enterprise liability applies even when the instrumentality of harm is not under the physical control of both parties. Plaintiffs have misstated the holding in *Krengel*. All the defendants in *Krengel* indeed exercised control and direction over the instrumentality that caused injury. The plaintiff in that case was injured when she tripped over a riser between the floor and a photo booth in a Woolworth's store. "All defendants had some control and direction over the placement and operation of the photo booth. Each defendant had contributed money, skill, time and property to the maintenance of the booth." *Id. at 210*. Unlike *Krengel*, the jury in this case found, based on more than ample evidence, that the City of Crookston had no control over the operation or maintenance of the boiler.[1]

The holding in *Dang v. St. Paul Ramsey Medical Center's Inc.*, 490 N.W.2d 653 (Minn. App. 1992) reaffirms that control over the instrumentality causing harm is essential to joint enterprise liability. In *Dang*, Plaintiff's injuries were primarily caused by the negligence of Dr. Lisita, a first year resident or intern under the supervision of Ramsey Hospital staff and employed by Ramsey Clinic Associates (RCA). In finding a joint enterprise between RCA and Ramsey hospital, the Court noted that both had a voice in the direction and control of Dr. Lisita, Dr. Lisita being "the means used to achieve the common purpose of patient care." *Id. at 657*. In the present case, the evidence presented at trial is clear and uncontroverted. Neither the City nor

1 Interestingly, the Court in *Krengel* also noted that Defendants had a right to have the joint enterprise issue

the Joint Recreation and Education Board had any voice in the direction or control of the boiler, or of Ray Nelson, Bill Brinkman or anyone else associated with the maintenance and inspection of the boiler.

*Delgado v. Lohmar, et. al.*, 289 N.W.2d 479 (Minn. 1979) *rehearing denied*, likewise affirms the necessity of control in establishing joint enterprise liability. A landowner was accidentally shot and blinded by a member of a party of grouse hunters who were all on his land without his knowledge or consent. The Supreme Court determined that the hunting party was not engaged in a joint enterprise because each person had control of his own gun. In the present case, there is no dispute that the instrument causing injury is the boiler and the jury determined that the School District was exclusively responsible for that instrumentality.

## III. THE VERDICT FORM WAS CORRECT. IT IS BASED ON THE LAW AND ON THE EVIDENCE PRESENTED TO THE JURY AT TRIAL.

Based on the evidence presented to the jury, question number one on the Special Verdict Form was the correct question to ask. Plaintiff may have alleged that the Defendants were engaged in a Joint Enterprise to operate the swimming pool, but all of the evidence presented at trial pointed exclusively to the instrumentality everyone agrees caused or contributed to causing Plaintiff's injuries – the boiler. The testimony of all witnesses was completely consistent. Plaintiff was injured while working on the boiler.

The boiler was within the exclusive control of the School District. The Joint Recreation and Education Board was governed by both a joint powers agreement and the "Financial Responsibility Statement." The School District Manager Bill Brinkman testified that although

determined by the jury but waived that right. No such waiver has occurred here.

the City, School District and Joint Recreation and Education Board do some things jointly, the School District has consistently maintained exclusive control over both the pool building and its boiler. Based on the evidence presented at trial, Special Interrogatory Number 1 on the Verdict Form accurately frames the issue as presented by the evidence. When the special interrogatories accurately frame the issues to be decided, a new trial is neither warranted nor appropriate.

**CONCLUSION**

The jury's verdict and the Court's entry of judgment is factually supported and legally sound. The jury's finding that the School District was negligent and that the City was not negligent supports judgment against the School District but does not support amendment of the judgment or judgment as a matter of law post trial (See Federal Rules of Civil Procedure 50).

There is nothing in the record or other legal justification for the Court to set aside either the jury verdict or its previous rulings. The mere fact that the Plaintiffs did not recover everything they demanded from both Defendants does not justify or require a new trial on the issue of liability.

Respectfully submitted,

Dated: July 9, 2004

/s/ John E. Hennen

JOHN E. HENNEN (#155226)
Attorney for Defendant City of Crookston
145 University Avenue West
St. Paul, MN 55103-2044
(651) 281-1268