IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

**Civ. No. 00-370 (ADM/RLE)**

| | |
|---|---|
| Robert Reimer and Susan Reimer, individually and as husband and wife, Plaintiffs, v. City of Crookston, Crookston Public School District #593, Defendants. | PLAINTIFF'S MEMORANDUM IN REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND JUDGMENT OR IN THE ALTERNATIVE FOR NEW TRIAL |

---

Defendant City of Crookston's argument is simply that it 'proved' the School District had 'exclusive responsibility for maintenance, inspection, repair and upkeep of the boiler;' that is, the District had physical control of it, and therefore the Special Verdict interrogatory asking whether a joint enterprise existed to operate the boiler was justified.

This position misconstrues both Plaintiffs Reimers' argument and the applicable law.

First, the City argues that the evidence was 'uncontroverted' that the District had exclusive responsibility for maintenance, inspection, repair and upkeep of the boiler. At the very least, Mr. Brinkman specifically admitted that the City, through the joint powers board, had financial responsibility for the boiler. In particular, he agreed that all major capital expenditures had to be approved by the Board, and that the boiler was indeed a major capital expenditure. The joint powers agreement explicitly puts the legal control of the swimming pool under the control of both parties through the board.

Actual physical control of the instrumentality of harm is not the issue in a joint enterprise case–it is whether there is ***legal*** control:

> A **joint enterprise** is established if two **elements** are present: (1) a mutual understanding for a common purpose, and (2) a right to a voice in the direction and control of the means used to carry out the common purpose. *Delgado v. Lohmar,* 289 N.W.2d 479, 482 (Minn.1979). *Peterson v. Fortier,* 406 N.W.2d 563, 565 (Minn. App. 1987)[Emphasis in original].
> The right of mutual control necessary for a **joint enterprise** to be found is not that of actual physical control, but legal control. *Delgado,* 289 N.W.2d at 482. *Id. at* 566.

If the boiler was a necessary incident to operating the swimming pool, as every witness agreed, then it is immaterial which members of the joint enterprise had actual physical control. The law requires *legal control,* not physical control. The City and District both admit the joint powers agreement controlled operation of the swimming pool. If that constituted a joint enterprise, then the boiler was part and parcel of the operation, and the City is liable for any negligence by any member of the joint enterprise concerning the boiler.

Second, the City argues that whether a joint enterprise existed was a question of fact for the jury. Whether a joint enterprise *exists* is a question of law. "The existence of a **joint enterprise** has been held to be a question of law. *Weber by Sanft v. Goetzke,* 371 N.W.2d 611, 616 (Minn.App.1985), *pet. for rev. denied* (Minn. Sept. 16, 1985)." *Auto Owner's Insurance vs. Reinsurance Association of Minnesota,* 514 N.W.2d 604, 606 (Minn. App. 1994). The determination of the underlying factual questions which determine the existence of a joint enterprise are for the jury, but in this case, those facts were not contested. The defendants themselves admitted these basic facts, and as shown in Plaintiff's principal brief, the Court had previously found the same.

Finally, the City argues that the Court should not 'reverse' the jury verdict. As indicated in

Plaintiffs' principal brief, the motion asks no such thing. The Court is being asked to amend the judgment to reflect the findings of the jury to those questions properly submitted to them. The issue of whether a joint enterprise was created solely to operate the boiler was never put to the jury by any party. The facts that lead to the inescapable conclusion that a joint enterprise was created to operate the swimming pool are uncontroverted and admitted. The Court should amend the judgment to reflect this.

Plaintiffs respectfully request the Court amend the judgment to include the City of Crookston as liable to Plaintiffs, or in the alternative, for a new trial.

Respectfully submitted,

**YAEGER, JUNGBAUER, BARCZAK & VUCINOVICH, PLC**

Dated: July 14, 2004

Paula M. Jossart, MSBA #0295292
Robert T. Dolan, MSBA#23346
Don C. Aldrich, MSBA#191851
745 Kasota Avenue
Minneapolis, MN 55414
(612) 333-6371

**ATTORNEYS FOR PLAINTIFFS**

CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2004, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to Michael T. Rengel.

I also served the below mentioned attorney via U. S. Mail in Minneapolis, Minnesota, on July 14, 2004:

John E. Hennen
League of Minnesota Cities
145 University Avenue West
St. Paul, MN 55103

Melissa A. Mollick

Melissa A. Mollick

Subscribed and sworn to before me this
14th day of July, 2004.

Renae Webster

Notary Public

RENAE WEBSTER
Notary Public
Minnesota
My Commission Expires Jan. 31, 2005